# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Hazel Tucker, | |
| **Plaintiff,** | **COMPLAINT** |
| v. | |
| Client Services, Inc., | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court over claims against Defendant Client Services, Inc. (hereinafter "Defendant") arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.  Plaintiff Hazel Tucker is a natural person who resides in the City of Philadelphia, County of Philadelphia, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3),15 U.S.C. § 1692c(d), and 73 P.S.§ 2270.3.

5.  Defendant is a Missouri corporation and a collection agency operating from an address of 3451 Harry S Truman Blvd., Saint Charles, MO 63301 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

### *Abusive Phone Call on January 22, 2010*

6.  At some point prior to January 13, 2010, an alleged consumer credit card debt allegedly owed by Plaintiff was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff, when thereafter Plaintiff started receiving collection communications from Defendant in an attempt to collect this debt.

7.  Defendant attached to this alleged debt its own Reference Number, specifically Reference No. 01103105.

8.  On January 22, 2010, at exactly 11:19 AM, Plaintiff received a call from Defendant at her home, and this call registered on Plaintiff's caller ID as having come from (636) 947-2321, a number which is registered to and operated by Defendant.

9.  The Defendant representative caller identified herself as Lisa from Defendant.

10. Plaintiff stated that she had already spoken to someone from her company and had already told that person that she was on disability and was unable to make the payments being demanded of her.

11. Defendant representative Lisa asked Plaintiff how long she had had the underlying credit card.

12. Plaintiff responded that she had had the card for about 10 years.

13.   Defendant representative Lisa asked Plaintiff if there was anyone in her family who would be willing to make payments on the debt.

14.   Plaintiff responded that she did not have any such family.

15.   Defendant representative Lisa then stated that if Plaintiff did not make immediate payment arrangements, legal actions would be taken against her.

16.   Defendant representative Lisa then asked why Plaintiff's husband wouldn't make payments on her debt.

17.   Plaintiff replied that she never told Defendant representative Lisa that she had a husband.

18.   Defendant representative then placed Plaintiff on hold.

19.   A short time later, a male Defendant representative came onto the line and stated that his name was David and that he was a supervisor.

20.   Defendant representative David demanded that Plaintiff provide him with the last four digits of her social security number.

21.   Plaintiff stated that she would not provide the digits and asked if Defendant representative David would give his social security number to a complete stranger over the phone.

22.   Defendant representative David then asked how long Plaintiff had been out of work.

23.   Plaintiff replied that she had been out of work since 2001.

24.   Defendant representative David replied that Plaintiff should be able to make payments on the debt.

25.     Plaintiff replied that she had been making regular payments on the debt until the credit card company increased her monthly payment requirement dramatically until it was beyond her ability to pay.

26.     Defendant representative David responded by yelling viciously that Plaintiff needed to stop playing these games.

27.     Defendant representative David continued yelling, and shouted that Plaintiff could either pay her bill or "you will be going to jail."

28.     Terrified, Plaintiff immediately hung up the phone.

29.     As a direct and proximate result of this abusive conversation with Defendant, Plaintiff felt sick to her stomach, embarrassed, and belittled and overwhelmingly terrified that she might soon be arrested for not making payment on the alleged debt.  This fear of arrest engendered unrelenting anxiety and physical symptoms thereof that persisted for months after the call.

30.     This call on this occasion from Defendant to Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(61), 1692e, 1692e(4), 1692e(7), 1692e(10), 1692f, amongst others.

### *Daily Harassing Calls, January-April 2010*

31.     Over the next approximately three months, through most of April 2010, Defendant called Plaintiff on average 5 times per day on her home phone.

32.     As a result of these harassing calls, Plaintiff largely ceased answering her phone out of fear that the caller was Defendant and because she did not believe that she

should have to be subjected to the abusive treatment she had received in her previous communication with a Defendant representative.

33.    Those times when Plaintiff did answer her phone and was met with a Defendant representative, she promptly hung up the phone in fear.

34.    As a direct and proximate result of these incessant calls to Plaintiff's home, Plaintiff felt under constant attack by Defendant, felt like she was living under constant threat of arrest, and experienced extreme anxiety and anger every time her phone rang.

35.    These harassing calls placed by Defendant to Plaintiff constitute conduct violating numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d and 1692d(5) amongst others.

### *Respondeat Superior Liability*

36.    The acts and omissions of each and every representative of Defendant who were employed as agents by Defendant and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

37.    The acts and omissions by the representatives of Defendant, who were acting as debt collectors, were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

38.    By committing these acts and omissions against Plaintiff in their capacity as debt collectors, the representatives of Defendant were motivated to benefit their principal, Defendant.

39.   Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its representatives and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

*Summary*

40.   The above-detailed conduct by Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

41.   Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of hopelessness, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as in the form of physical symptoms connected to the anxiety and fear engendered by the threat of arrest.

**TRIAL BY JURY**

42.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

43.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.   The foregoing intentional and negligent acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

**45.**   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 19, 2011

**DOV SACKS, ESQ**

By: **s/Dov Sacks**
Dov Sacks, Esq.
Attorney I.D.# 206474
Validation of Signature Code: cds8309
1424 Chestnut Street
Philadelphia, PA 19102
Telephone: (215) 981-3715
Facsimile: (215) 215-0436
cdsacks@clsphila.org

cds                                    **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF PENNSYLVANIA      )
                           ) ss
COUNTY OF PHILADELPHIA     )

Plaintiff HAZEL TUCKER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


Hazel Tucker
September 1, 2010